SECOND DEPARTMENT, JUNE, 1992

(June 1, 1992)

■ MATILDA AJLOUNY, Respondent, v TOWN OF HUNTINGTON, Appellant, and KEVIN O'SHEA et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered July 5, 1990, which, *inter alia,* (1) granted the motion of the defendants Frank Cosentino and County Line Service Hardware, Inc., to compel it to comply with a notice to produce and to appear for a deposition upon oral examination, and (2) denied its cross motion for summary judgment dismissing the complaint and all cross claims asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the defendants-respondents, the motion of the defendants Frank Cosentino and County Line Service Hard-

ware, Inc., is denied, the cross motion of the defendant Town of Huntington for summary judgment dismissing the complaint and all cross claims asserted against it is granted, and the action against the remaining defendants is severed.

The plaintiff suffered injuries when she tripped on the roots of a tree or shrub which had become exposed after wood chips, which had initially covered the roots, had become dispersed. The record, including, *inter alia,* the plaintiff's testimony at a municipal hearing, and a sworn statement by an employee of the defendant County Line Service Hardware, Inc., clearly indicates that the site of the accident was a landscaped strip of land which abutted a parking lot that serviced a shopping mall.

The plaintiff commenced the instant action against Kevin O'Shea, the owner of the shopping mall, Frank Cosentino, and County Line Service Hardware, Inc., the operators of a hardware store in the shopping mall, and the Town of Huntington.

In support of its cross motion for summary judgment, the Town submitted probative evidence *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324) including, *inter alia,* portions of O'Shea's examination before trial, and an affidavit of a Town Traffic Technician II, who was employed in the Town's Department of Transportation, which demonstrated that the landscaped area was not owned, occupied, or maintained by the Town. Under these circumstances, it was incumbent on the opposing parties to produce evidentiary proof in admissible form to warrant a trial *(Zuckerman v City of New York, supra).* The plaintiff did not oppose the Town's cross motion for summary judgment and the opposing papers of the defendant Frank Cosentino and County Line Service Hardware, Inc., are insufficient to create an issue of fact with respect to the Town's liability.

Accordingly, the Town is entitled to summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.