■ NAZARETH TAHMISYAN et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [744 NYS2d 197] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 20, 2001, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff, Nazareth Tahmisyan, was attacked on the roof of a building he owned on Myrtle Avenue in Brooklyn. He alleged that he was attacked by "violent * * * persons [who] gained access to [his] premises * * * by means of entering the premises known as * * * 912-914 Broadway * * * and crossing over to the roof of [his] premises." He alleged that 912-914 Broadway was owned by the defendant City of New York.

The City demonstrated its entitlement to summary judgment by submitting evidence which demonstrated that it did

not own either the building at 910-912 Broadway or the building at 914 Broadway, the two buildings which apparently correspond to the single address mentioned in the plaintiffs' complaint and bill of particulars. The appellants produced no evidence to contradict this prima facie showing of entitlement to summary judgment.

The appellants have apparently abandoned their argument that the City's initial denial, in its answer, of knowledge sufficient to permit it to form a belief as to the truth of the allegations contained in the complaint as to its ownership of "912-914 Broadway" operates as an admission, and that the City is consequently estopped from denying ownership of either 910-912 Broadway or 914 Broadway (*see e.g. Chase Automotive Fin. Corp. v Allstate Ins. Co.,* 280 AD2d 761). In any event, under the circumstances there is no basis for imposing such an estoppel, because the plaintiffs could not have reasonably relied on the contents of the City's answer in choosing to assume, incorrectly, that the City owned the subject premises (*see* CPLR 3018 [a]; *Damboise v Kelrod Constr. Corp.,* 174 AD2d 705; *cf. Gilberg v Lennon,* 193 AD2d 646, citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:3, C3018:4 at 146, 148; *see also Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook,* 239 AD2d 494).

In light of the foregoing, we need not address the question of whether the Supreme Court correctly granted summary judgment to the City on the basis of the doctrine of the assumption of the risk. Prudenti, P.J., Ritter, McGinity and Townes, JJ., concur.