■ ANA CASTILLO et al., Respondents, v COUNTY OF SUFFOLK, Appellant, TOWN OF ISLIP et al., Respondents, et al., Defendants. [762 NYS2d 880] —In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 23, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, without prejudice to renewal upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances herein, the Supreme Court providently exercised its discretion in denying the motion for summary judgment without prejudice to renewal upon completion of discovery (*see* CPLR 3212 [f]; *Destin v New York City Tr. Auth.,* 303 AD2d 713; *Rajan v Insler,* 300 AD2d 463 [2002]). Friedmann, Mastro and Rivera, JJ., concur.

Santucci, J.P., dissents and votes to reverse the order insofar as appealed from, grant the motion, and dismiss the complaint and all cross claims insofar as asserted against the appellant, with the following memorandum: I dissent. In my opinion the

complaint should be dismissed insofar as asserted against the County of Suffolk.

The plaintiffs were involved in an automobile accident which took place on Route 27A located within the Town of Islip, County of Suffolk. The complaint alleges that the County was "negligent in the ownership * * * maintenance and control of the roadway." In support of its motion for summary judgment the County submitted an affidavit from an employee who stated that one of her duties was "to investigate allegations set forth in claims against the County of Suffolk by searching the official records of the Department of Public Works and ascertaining whether the County of Suffolk owns, maintains or controls a given location." The affidavit continued that pursuant to such a search the employee ascertained that the portion of Route 27A where the accident occurred "was not on the County Road System" nor was it "on the maintenance list for the County of Suffolk." Based upon this affidavit the County established its prima facie entitlement to judgment as a matter of law (*see Ajlouny v Town of Huntington,* 184 AD2d 486 [1992]; *see also Tahmisyan v City of New York,* 295 AD2d 600 [2002]).

In order for the plaintiffs to defeat the motion, it was incumbent upon them to offer evidence to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The plaintiffs failed to meet their burden since they offered no evidence whatsoever to dispute the County's prima facie showing. Indeed, the plaintiffs did not even deny the contents of the county affidavit nor suggest that its contents might be disproven by other sources. Instead, the plaintiffs merely argued that since depositions had yet to be conducted, they were "not in a position to refute the [County's] allegations." However, "[w]hile it is true that CPLR 3212 [f] permits an opposing party to obtain further discovery under certain circumstances, it should not be resorted to where, as here, there has been a failure to demonstrate that the discovery being sought is anything more than a fishing expedition" (*Greenberg v McLaughlin,* 242 AD2d 603, 604 [1997]; *see Price v County of Suffolk,* 303 AD2d 571 [2003]; *Karakostas v Avis,* 301 AD2d 632 [2003]; *Zarzona v City of New York,* 208 AD2d 920 [1994]).

Accordingly, I disagree with my colleagues and conclude that the Supreme Court improvidently exercised its discretion in denying the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, without prejudice to renewal upon the completion of discovery.