■ DEBRA GUZOV, Appellant-Respondent, v MANOR LODGE HOLDING CORP., Respondent-Appellant, et al., Defendants. [787 NYS2d 84]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 26, 2003, and the defendant Manor Lodge Holding Corp. cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's motion for leave to amend the complaint.

Ordered that the appeal by the plaintiff is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the motion is denied, the cross motion is granted, and the complaint is dismissed insofar as asserted against the defendant Manor Lodge Holding Corp., and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant Manor Lodge Holding Corp., payable by the plaintiff.

The post-answer cross motion, in effect, for summary judgment pursuant to CPLR 3212 by the defendant Manor Lodge Holding Corp. (hereinafter Manor) was mislabeled as one for dismissal pursuant to CPLR 3211. Nevertheless, the papers in support of the cross motion clearly placed the plaintiff on notice that Manor was moving for summary judgment to dismiss the

complaint insofar as asserted against it on the ground that documentary evidence established that there were no triable issues of fact (*cf. Ressis v Mactye,* 98 AD2d 836 [1983]; *De Pan v First Natl. Bank of Glens Falls,* 98 AD2d 885 [1983]). The cross motion relied not only on documentary evidence, but also on an affidavit of Manor's president, who stated that rocks were in the public right-of-way before title to the abutting property was transferred to Manor, that Manor did not own either the rocks or land where the rocks were located, and did not know who placed the rocks in the public right-of-way. Those allegations, unrebutted by the plaintiff, required the Supreme Court to grant summary judgment dismissing the complaint insofar as asserted against Manor (*see Aversano v City of New York,* 265 AD2d 437 [1999]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 325-326 [1986]).

The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it (*see e.g. Dugue v 1818 Newkirk Mgt. Corp.,* 301 AD2d 561 [2003]; *Minott v City of New York,* 230 AD2d 719 [1996]; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292 [1988]). Since it was conclusively established that Manor neither owned, occupied, nor controlled the right-of-way or the rocks which allegedly caused the decedent's injuries and death, liability cannot be imposed upon Manor (*see Aversano v City of New York, supra; see also Kaufman v Silver,* 90 NY2d 204, 207-209 [1997]).

While leave to amend a complaint should be freely given (*see* CPLR 3025 [b]), a proposed amendment which is utterly lacking in merit should not be permitted (*see Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636 [2001]; *Hall Signs v Aries Striping,* 236 AD2d 513 [1997]). The plaintiff's bare legal conclusions and factual allegations which were plainly contradicted by the record were insufficient to sustain the plaintiff's new theory of liability or establish a good-faith basis for the amendment to the complaint (*see Mayer v Sanders,* 264 AD2d 827, 828 [1999]; *Curran v Auto Lab Serv. Ctr., supra*). The plaintiff's suggestion that the rocks were placed in the right-of-way for the purpose of protecting the fencing on the southern boundary of Manor's property was sheer speculation and, as such, insufficient to defeat a motion of summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Assuming that a prior owner of the abutting property placed the rocks in the public right-of-way for what he or she perceived was the benefit of the abutting property, the plaintiff made no showing that Manor knew

or should have known that the rocks were so situated for the benefit of the property. Accordingly, the motion for leave to amend the complaint should not have been granted. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.