■ ANATOLIY VIKHOR, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [842 NYS2d 456]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Metropolitan Transportation Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 26, 2006, as denied those branches of their motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against them, and the cross claim asserted by the defendant City of New York against the defendant New York City Transit Authority for contribution and against the defendant Metropolitan Transportation Authority for contribution and contractual indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleged that on October 30, 2004, after exiting a subway station while walking on the public sidewalk, he tripped and fell sustaining injuries due to a defective condition in the Gravesend Neck Road sidewalk in Brooklyn located approximately 50 to 60 feet from East 16th Street and six feet from the subway station exit. The plaintiff's complaint against the defendants New York City Transit Authority (hereinafter the NYCTA) and Metropolitan Transportation Authority (hereinafter the MTA) (hereinafter collectively the appellants) rested entirely upon the theory that the appellants were the owners of the subway station and the land abutting the sidewalk where the plaintiff fell and therefore were liable for failing to maintain or repair the allegedly defective condition.

The appellants met their burden of establishing their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's complaint insofar as asserted against them by demonstrating that they did not own, maintain, operate, or control the public sidewalks or the abutting land and had no duty to exercise reasonable care with respect to the area where the plaintiff fell (*see* Administrative Code of City of New York § 7-210).

The appellants also made a prima facie showing of their entitlement to summary judgment dismissing the City of New York's cross claim against them for contribution by establishing that they did not owe a duty of reasonable care to the City independent of the contractual obligations of the NYCTA, or that the appellants owed a duty to the plaintiff, a breach of which contributed to his injuries (*see Hites v Toys "R" Us, Inc.*, 33 AD3d 759, 760-761 [2006]).

As the MTA was not a party to a lease between the City and the NYCTA, the MTA may not be held liable to the City for contractual indemnification.

The NYCTA, however, did not make a prima facie showing of entitlement to summary judgment dismissing the City's cross claim against it for contractual indemnification. Article VI, section 6.17 of the lease between the City and NYCTA does contain language requiring NYCTA to repair damage to sidewalks directly attributable to its elevated and subway operations and constructions. Article VI, section 6.8 of the lease also requires the NYCTA to indemnify the City for any damage resulting from any accident or occurrence arising out of or in connection with NYCTA's operations of the leased property. Here, the City alleges that NYCTA vehicles damaged the sidewalk by traversing it with machinery and equipment in order to reach the staircase or the elevated tracks. NYCTA failed to make a prima facie showing that it did not create the condition complained of and thus, the burden never shifted to the City to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (*see Bosman v Reckson FS Ltd. Partnership*, 15 AD3d 517 [2005]). Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.