■ NICHOLAS CHAHALES et al., Appellants, v WESTCHESTER JOINT WATER WORKS et al., Respondents, et al., Defendant. [850 NYS2d 145]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 16, 2006, which granted the separate motions of the defendants Westchester Joint Water Works, Westchester County, and City of Yonkers for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

"It is axiomatic that 'before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff . . . In the absence of duty, there is no breach and without a breach there is no liability' " *(Dugue v 1818 Newkirk Mgt. Corp.,* 301 AD2d 561, 562 [2003], quoting *Pulka v Edelman,* 40 NY2d 781, 782 [1976]). "The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" *(Guzov v Manor Lodge Holding Corp.,* 13 AD3d 482, 483 [2004]; *see Vikhor v City of New York,* 43 AD3d 914, 916 [2007]; *Gasis v City of New York,* 35 AD3d 533, 534 [2006]; *Simo v New York City Tr. Auth.,* 13 AD3d 609, 611 [2004]; *Dugue v 1818 Newkirk Mgt. Corp.,* 301 AD2d at 562; *Minott v City of New York,* 230 AD2d 719, 720 [1996]).

In support of their motions for summary judgment, the defendants Westchester Joint Water Works, Westchester County,

and City of Yonkers (hereinafter the movants) established their prima facie entitlement to summary judgment. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint insofar as asserted against the movants (*see Guzov v Manor Lodge Holding Corp.*, 13 AD3d at 483; *Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d at 562; *Minott v City of New York*, 230 AD2d at 720).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.