■ Sonya Rivers, Respondent, v City of New York et al., Respondents, and Nicklette Searles et al., Appellants, et al., Defendant. [880 NYS2d 545]—

In an action to recover damages for personal injuries, "Nicklette Searles and Samuel Searles" appeal from an order of the Supreme Court, Kings County (Miller, J.), dated April 30, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is granted.

The plaintiff allegedly sustained personal injuries when a large tree branch fell and struck her on the head, as she was walking along the sidewalk between 203 and 205 Essex Street in Brooklyn. At the time of the occurrence, the house located at 205 Essex Street was owned by Nicklette Samuel Searles, sued herein as "Nicklette Searles and Samuel Searles" (hereinafter Searles).

"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (*Guzov v Manor Lodge Holding Corp.*, 13 AD3d 482, 483 [2004]). Searles established her prima facie entitlement to summary judgment by demonstrating that she neither owned the tree nor exercised any control over it. In opposition, the plaintiff and the defendants City of New York and New York City Department of Parks and Recreation failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Accordingly, Searles' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her should have been granted. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.