◼ LUIS SEGURA, Appellant, v CITY OF NEW YORK, Respondent. [892 NYS2d 870]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 17, 2009, which granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied as academic her cross motion to strike certain portions of the answer.

Ordered that the order is affirmed, with costs.

"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (*Guzov v Manor Lodge Holding Corp.*, 13 AD3d 482, 483 [2004]). The defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not own, occupy, maintain, or control the property where the plaintiff fell. Contrary to the plaintiff's contention, the defendant was not estopped from denying ownership of the property, because the plaintiff could not reasonably have believed from the denials of information interposed in the defendant's answer that the defendant owned the property where she fell (*see Tahmisyan v City of New York*, 295 AD2d 600 [2002]). In any event, the true owner of the property could be easily ascertained by a review of public records, and those records are accessible to all persons.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Chahales v Westchester Joint Water Works*, 47 AD3d 610 [2008]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, and properly, in effect, denied as academic the plaintiff's cross motion to strike certain portions of the answer. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.