■ TRACY HILL, Appellant, v CITY OF NEW YORK et al., Respondents. [58 NYS3d 466]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 17, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York and denied her cross motion, in effect, to preclude the defendants from denying that they owned or operated the vehicle involved in the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, while working in conjunction with the City of New York Administration for Children's Services (hereinafter ACS), allegedly sustained injuries when the vehicle in which she was a passenger struck a bump and stopped short. The plaintiff commenced this action against the City and ACS to recover damages for personal injuries. The defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against the City, on the ground that neither the City nor ACS owned or operated the subject vehicle. The plaintiff cross-moved, in effect, to preclude the defendants from denying that they owned or operated the vehicle. The Supreme Court, inter alia, granted that branch of the defendants' motion and denied the plaintiff's cross motion.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by demonstrating that neither the City nor ACS owned or operated the vehicle in which the plaintiff was injured (*see Rampersaud v Metropolitan Transp. Auth. of the State of N.Y.*, 73 AD3d 888 [2010]), but rather, that the vehicle was owned and operated by an independent contractor, for whose negligent acts the City was not liable (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257-258 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of any of the exceptions to the general rule of nonliability for the negligent acts of an independent contractor (*see id.* at 257-258; *Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]).

In addition, the Supreme Court properly declined to apply the doctrine of equitable estoppel so as to preclude the defendants from denying that they owned or operated the subject vehicle. "[W]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]). Here, the plaintiff rests her argument on the defendants' denial, in their answer, of knowledge or information sufficient to form a belief as to the ownership or control of the subject vehicle. However, there is no basis for imposing equitable estoppel under these circumstances because the plaintiff could not reasonably have believed from the denial

of information interposed in the defendants' answer that the defendants owned the vehicle (*see Segura v City of New York*, 70 AD3d 670 [2010]; *Tahmisyan v City of New York*, 295 AD2d 600, 601 [2002]). To the contrary, the defendants' response operated as a denial (*see* CPLR 3018 [a]).

The plaintiff's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against City and properly denied the plaintiff's cross motion. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.