## Espinoza v Rockaway S., L.P.

2025 NY Slip Op 30157(U)

January 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 514047/2020

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of
the Supreme Court of the State of
New York, Kings County, at the
Courthouse located at 360 Adams
Street, Brooklyn, New York on
the 9th day of January 2025

P R E S E N T:

HON. ANNE J. SWERN, J.S.C.

WILMER MAURICIO ESPINOZA,

*Plaintiff(s),*

-*against*-

ROCKAWAY SOUTH, L.P., MONADNOCK
CONSTRUCTION, INC., and WIN FAR
ROCKAWAY HOUSING DEVELOPMENT
FUND CORPORATION,

*Defendant(s).*

**ORDER**

Index No.:     514047/2020

Calendar No.: 24

Motion Seq.:   006

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

Notice of Motion, Affirmation
and Exhibits (NYSCEF 68-88) ....................................................................1, 2

Affirmation in Opposition and Exhibits (NYSCEF 89-108) ...................................3

Reply Affirmation (NYSCEF 109) ...............................................................4

*Upon the foregoing papers and after oral argument, defendants' motion for an order*

*pursuant to CPLR § 3025 [b] to amend their answers is denied as follows:*

This is an action for personal injuries sustained by plaintiff in a work-related accident on

6/30/2020 (NYSCEF 1).[1]  Defendants have served a motion to amend their respective answers to

include an affirmative defense of fraud based on a civil Racketeer Influenced and Corrupt

Organizations (RICO) complaint filed in the United States District Court, Eastern District of

---

[1] Defendants did not attach the complaint as an Exhibit to the motion. Therefore, the Court references the complaint within the NYSCEF docket.

New York, Docket #1:24-CV-01549-NG-LB (NYSCEF 71). This RICO complaint names plaintiff's treating physicians and attorneys as defendants.

The proposed affirmative defense reads as follows:

> That Plaintiff's accident and his subsequent medical treatment are and were fraudulent and said occurrence and treatment were a product of a fraudulent scheme and fraudulent medical treatment in an effort to seek recovery in excess of the real value of any claim. Defendants also allege that Plaintiff's physicians likewise provided excess and fraudulent medical treatment and services in an effort to bolster Plaintiff's lawsuit and enrich themselves from said improper and medically unnecessary procedures and appointments (NYSCEF 74, pp.6, 19).

Defendant has failed to plead with specificity and put forth evidence to establish that the happening of plaintiff's accident was (1) fraudulent and (2) part of a fraudulent scheme (*See Linares v. City of New York,* __ AD3d __, 2024 NY Slip Op 06156 [1st Dept. 2024]). The RICO complaint does not (1) set forth allegations that plaintiff's lawsuit is part of the RICO enterprise and (2) include plaintiff as a named defendant or an alleged non-party co-conspirator. The notice of expert exchange relied upon by defendants does not speak to the happening of plaintiff's accident (NYSCEF 72).

Next, contrary to defense counsel's arguments (NYSCEF 69, ¶12), the expert report also does not "establish a good faith basis for the amendment" concerning plaintiff's medical care and treatment (*Guzov v. Manor Lodge Holding Corp.,* 13 AD3d 482, 483 [2d Dept. 2004] [While leave to amend should be freely given, a proposed amendment cannot be based on bare legal conclusions and factual allegations.]).

The expert's report sets forth conclusory statements that plaintiff was extremely evasive when answering his questions (Id.; NYSCEF 72, p.13) but does not state that plaintiff knowingly made material misrepresentations concerning his care and treatment. Rather, the expert states

[* 2]

without explanation or specificity that plaintiff offered several non-responsive answers (NYSCEF 72, p.13). Without evidence of knowing material misrepresentations by plaintiff (*See Linares v. City of New York, supra*), there is no good faith basis to establish an affirmative defense of fraud against him (*Guzov v. Manor Lodge Holding Corp.*, 13 AD3d 483).

Moreover, "the unproven allegations of fraud against plaintiff's attorneys and medical providers in the RICO complaint do not, without more," establish an affirmative defense of fraud (*Linares v. City of New York, supra*). It is noteworthy that the expert acknowledges that the alleged fraudulent procedures have not yet been approved [by Workers Compensation] (NYSCEF 72, p.13). Therefore, defendants' remedy is to challenge the approval of these procedures at the Workers Compensation Board.

The decisions submitted by plaintiff are in accord with the First Department in *Linares v. City of New York, supra* (NYSCEF 103-108). The short form order submitted by defendants in support of their motion does not provide a legal analysis for granting leave to amend defendants' answer (*Gamboa v. Boro Park, et al.*, 506826/2018, NYSCEF 73). It is unknown which arguments of defense counsel were credited in the decision. In fact, the Judge who granted leave to amend an answer to assert fraud as a defense based on the RICO complaint in *Gamboa v. Boro Park, et al., supra*, denied leave to amend in *Mora v. 1-10 Bush Terminal Owner, LP, et al.*, 3409/2015 (NYSCEF 105), *Diaz v. Cornell University*, 8899/2015 (NYSCEF 106), and *Maya v. Liberty 58-40 Borden Ave LLC, et al.*, 512674/2019 (NYSCEF 107).

The question of whether defendants may cross-examination plaintiff and his treating physicians at trial concerning the allegations in the RICO complaint, is referred to the trial court.

Accordingly, it is hereby

[* 3]

ORDERED that defendants' motion for an Order pursuant to CPLR § 3025 [b] is denied in its entirety.

This constitutes the decision and order of the Court.

ENTER:

_____

**Hon. Anne J. Swern, J.S.C.**
**Dated: 1/9/2025**

For Clerks use only:

MG _____

MD ___ʎ___

Motion seq. # ___⑥___

*Espinoza v. Rockaway South, L.P., et al.*
*514047/2020*
*Page 4 of 4*