Talasazan v 4Matic Constr. Corp.

2026 NY Slip Op 02864

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kayvan Talasazan, plaintiff-appellant,

v

4Matic Construction Corp., defendant-appellant, Toll First Avenue, LLC., et al., defendants-respondents, et al., defendants (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2020-05756, (Index No. 520673/16)

Mark C. Dillon, J.P.

Paul Wooten

Carl J. Landicino

Donna-Marie E. Golia, JJ.

Kaplan & Kaplan, P.C., Melville, NY (Susan R. Nudelman and Steven L. Kaplan of counsel), for plaintiff-appellant.

Gartner + Bloom, P.C., New York, NY (Christine M. Messina of counsel), for defendant-appellant.

Gallo Vitucci Klar LLP, New York, NY (Yolanda L. Ayala of counsel), for defendants-respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant 4Matic Construction Corp. separately appeals, from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), entered June 26, 2020. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Toll First Avenue, LLC, and Toll GC, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant 4Matic Construction Corp., granted those branches of the motion of the defendants Toll First Avenue, LLC, and Toll GC, LLC, which were for summary judgment on their cross-claims against the defendant 4Matic Construction Corp. for contractual and common-law indemnification.

ORDERED that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

ORDERED that the order is reversed insofar as appealed from by the defendant 4Matic Construction Corp., on the law, those branches of the motion of the defendants Toll First Avenue, LLC, and Toll GC, LLC, which were for summary judgment on their cross-claims against the defendant 4Matic Construction Corp. for contractual and common-law indemnification are denied with respect to costs and fees incurred in defending the action, and are otherwise denied as academic; and it is further,

ORDERED that one bill of costs is awarded to the defendants Toll First Avenue, LLC, and Toll GC, LLC, payable by the plaintiff, and one bill of costs is awarded to the defendant 4Matic Construction Corp., payable by the defendants Toll First Avenue, LLC, and Toll GC, LLC.

On August 26, 2015, the plaintiff allegedly was injured when the vehicle he was [*2]operating, which was stopped at a red traffic signal, was struck by a brick or piece of brick, causing the windshield to shatter and glass shards to propel into his eyes and chest. At the time of the accident, the plaintiff's vehicle was in the street adjacent to a building owned by the defendant Toll First Avenue, LLC (hereinafter the owner), which was undergoing a construction project. The defendant Toll GC, LLC (hereinafter the general contractor), a subsidiary of the owner, acted as general contractor for the construction project. The general contractor had hired the defendant 4Matic Construction Corp. (hereinafter the subcontractor), to, among other things, perform brickwork on the building's exterior facade.

In November 2016, the plaintiff commenced this action to recover damages for personal injuries against, among others, the owner, the general contractor, and the subcontractor. The plaintiff alleged, inter alia, that the accident was caused by building materials falling from the subject building. In their answer, the owner and the general contractor asserted cross-claims against the subcontractor for contractual and common-law indemnification with respect to, among other things, costs and fees incurred in defending the action. Thereafter, the owner and the general contractor moved for summary judgment dismissing the complaint insofar as asserted against them and on their cross-claims against the subcontractor for contractual and common-law indemnification. In an order entered June 26, 2020, the Supreme Court granted the motion. These appeals ensued.

"As a general rule, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts'" (Santiago v 527 Grand, LLC, 232 AD3d 925, 927, quoting Kleeman v Rheingold, 81 NY2d 270, 273; see Butnik v Luna Park Hous. Corp., 200 AD3d 993, 993). "The primary justification for this rule is that 'one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor'" (Santiago v 527 Grand, LLC, 232 AD3d at 927-928 [internal quotation marks omitted], quoting Bennett v State Farm Fire & Cas. Co., 198 AD3d 857; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258). However, "[t]here are various exceptions to the general rule against vicarious liability for the acts of an independent contractor" (Bennett v State Farm Fire & Cas. Co., 198 AD3d at 859). "These exceptions fall into three basic categories: 'negligence of the employer in selecting, instructing or supervising the contractor; employment for work that is especially or "inherently" dangerous; and, finally, instances in which the employer is under a specific nondelegable duty'" (id., quoting Kleeman v Rheingold, 81 NY2d at 274).

Here, the owner and the general contractor established, prima facie, that they could not be held liable for the allegedly negligent brickwork, since they did not control or supervise the means or methods by which that work was to be performed by the subcontractor, which was an independent contractor (see Shimunov v Ashirov, 238 AD3d 1088, 1089; Shusterich v Kleinman, 171 AD3d 1236, 1237). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the owner and the general contractor exercised control over the subcontractor's work or as to the applicability of the exception to the general rule of nonliability for the negligent acts of an independent contractor based on inherently dangerous work (see Shusterich v Kleinman, 171 AD3d at 1237; Hill v City of New York, 151 AD3d 1032, 1033). Accordingly, the Supreme Court properly granted that branch of the motion of the owner and the general contractor which was for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, the Supreme Court should have denied, as academic, those branches of the motion of the owner and the general contractor which were for summary judgment on their cross-claims for contractual and common-law indemnification against the subcontractor with respect to any damages for which they may have been liable to the plaintiff (see Ciaravino v Bulldog Natl. Logistics, LLC, 146 AD3d 928, 931). Nevertheless, dismissal of the complaint insofar as asserted against the owner and the general contractor would not render academic those branches of the motion of the owner and the general contractor which were for summary judgment on those cross-claims with respect to costs and fees incurred in defending the action (see Dagnino v Key Bank, 200 AD3d 756; Ciaravino v Bulldog Natl. Logistics, LLC, 146 AD3d at 931).

"The right to contractual indemnification depends upon the specific language of the contract" (Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d 461, 462 [internal quotation marks omitted]; see Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d at 462-463 [internal quotations marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 492). "In addition, a party seeking contractual indemnification pursuant to a contract relative to the construction of a building must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d at 463; see General Obligations Law § 5-322.1; Chuqui v Amna, LLC, 203 AD3d 1018, 1023).

Here, the written subcontract between the general contractor and the subcontractor included an indemnification clause obligating the subcontractor, "[t]o the fullest extent permitted by law," to indemnify the owner and the general contractor "from and against all liability, damages, losses, claims, demands and actions of any nature whastoever . . . which arise out of, relate to or are connected with, or are claimed to arise out of, relate to or be connected with . . . [t]his Subcontract, [and] [t]he performance or non-performance of the Work by Subcontractor" and "any act or omission of Subcontractor." The subcontract also provided that the subcontractor's "indemnification and insurance obligations shall be included in each of Subcontractor's sub-subcontracts and shall be in favor of [the owner and the general contractor] and Subcontractor."

The owner and the general contractor established, prima facie, that they were free from negligence in the happening of the accident, as they had no authority to supervise or control the performance of the subcontractor's work (see Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d at 463; Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078). However, the owner and the general contractor failed to eliminate triable issues of fact as to whether the accident arose from or was related to the performance of work by the subcontractor or its sub-subcontractors (see McNamara v Gusmar Enters., LLC, 204 AD3d 779, 783; Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 659). In support of the motion, the owner and the general contractor submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who acknowledged that he did not see the brick or piece of brick fall at any time prior to the accident. Since the cause of the accident was unknown, the owner and the general contractor could not establish their entitlement to summary judgment on their cross-claim for contractual indemnification based upon mere speculation that the brick or portion of brick which struck the plaintiff's car had fallen from the building due to brickwork performed by the subcontractor or its sub-subcontractors. Accordingly, the Supreme Court should have denied that branch of the motion of the owner and the general contractor which was for summary judgment on their cross-claim for contractual indemnification against the subcontractor with respect to costs and fees incurred in defending the action.

"'In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident'" (Titov v V & M Chelsea Prop., LLC, 230 AD3d 614, 620-621, quoting Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752). Here, although the owner and the general contractor established, prima facie, that they were free from negligence, they failed to eliminate triable issues of fact as to whether the subcontractor was negligent and, if so, whether the subcontractor's negligence contributed to the accident (see Chapa v Bayles Props., Inc., 221 AD3d 855, 857). Accordingly, the Supreme Court should have denied that branch of the motion of the owner and the general contractor which was for summary judgment on their cross-claim for common-law indemnification against the subcontractor with respect to costs and fees incurred in defending the action.

The plaintiff's remaining contentions are improperly raised for the first time on appeal and, thus, not properly before this Court.

DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court