■ DAVID MARESCA et al., Respondents, v HAROLD E. BERSON, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated August 6, 1980, which granted plaintiffs' motion for reargument of defendant's motion for summary judgment and, on reargument, denied defendant's motion. Order reversed, on the law, with $50 costs and disbursements, defendant's motion is granted and plaintiffs' complaint is dismissed. The within medical malpractice action was commenced on January 9, 1980 and the complaint, verified by counsel for the plaintiffs, alleged that plaintiff David Maresca (plaintiff) was under the medical care of the defendant "[o]n or about 1974 and continuing through 1979". The said complaint, however, did not specify the particular act or omission which allegedly constituted the malpractice of the defendant, nor did it set forth any date with respect to the commission of such malpractice. By answer the defendant pleaded the Statute of Limitations as an affirmative defense and the within motion for summary judgment was based upon such defense. In his affidavit in support of the motion defendant stated that the last date of treatment rendered by him to the plaintiff was June 22, 1977. No affidavit in opposition to this contention was forthcoming from the plaintiffs; instead the opposing affirmation of plaintiffs' counsel alluded to the allegation contained in the complaint that plaintiff was continuously treated through 1979 and that, therefore, there was a factual issue to be resolved only at trial. Whether the three-year limitation period contained in CPLR 214 (subd 6) or the two years and six months' period contained in CPLR 214-a (L 1975, ch 109, § 6) is applicable may be resolved only by a determination as to whether the malpractice occurred before or after July 1, 1975 (L 1975, ch 109, § 37). Such issue is completely independent of the continuous treatment theory and must be considered as a separate question (see *Frew v Hospital of Albert Einstein Coll. of Medicine, Div. of Montefiore Hosp. & Med. Center,* 76 AD2d 826). To the extent that the plaintiffs claim that their action is under the umbrella of the three-year limitation period, it was incumbent upon them to bare their proof that the "act, omission or failure" (L 1975, ch 109, § 37) occurred before July 1, 1975, the effective date of CPLR 214-a. Since the defendant denied any specific act of malpractice he was in no position to assert when it allegedly occurred. This is particularly so since plaintiffs have nowhere stated in what respect the defendant was guilty of malpractice. Clearly then, plaintiffs did not meet their obligation to come forward with matters of an evidentiary nature sufficient to demonstrate the presence of a triable issue as to whether the Statute of Limitations contained in CPLR 214 (subd 6) applied. in this instance. In addition, plaintiffs' claim, that because defendant treated plaintiff until some

date in 1979 the period of limitation is to be measured from that time, must likewise fail for the same reason. Plaintiffs have neglected to present any proof to contradict the sworn statement of the defendant that defendant's treatment of plaintiff ended June 22, 1977. The bare allegation in the complaint verified by plaintiffs' counsel that the treatment continued through 1979 is patently insufficient. Since the plaintiffs failed to make any use of the opportunity afforded by the motion for summary judgment to place in issue this question of the length of treatment, they have not established that there was or is now a genuine issue of fact as to whether treatment continued beyond the said date averred by the defendant. On this record, therefore, plaintiffs have failed to raise any issue of fact with respect to the date of the alleged malpractice of the defendant and the course of continuous treatment of plaintiff by defendant. Therefore, the motion by defendant for summary judgment should have been granted. Gibbons, J. P., Rabin, Cohalan and Bracken, JJ., concur.