■ ROBERT RENO et al., Appellants, v COUNTY OF WESTCHESTER, Respondent, et al., Defendants. [734 NYS2d 464] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered May 23, 2001, as granted those branches of the motion of the defendant County of Westchester which were to dismiss the

third and fifth causes of action of the complaint insofar as asserted against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court did not convert the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) into one for summary judgment (*see,* CPLR 3211 [c]). The plaintiffs failed to state causes of action against the County of Westchester (hereinafter the County) to recover damages for intentional infliction of emotional distress (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *Fischer v Maloney,* 43 NY2d 553) or for intentional tort under a theory of respondeat superior (*see, Orzechowski v Warner-Lambert Co.,* 92 AD2d 110; *Hart v Sullivan,* 84 AD2d 865, *affd* 55 NY2d 1011), either in the complaint or in the submissions made in opposition to the motion.

Since the testimony of the plaintiff Robert Reno at an examination pursuant to General Municipal Law § 50-h established that he received Workers' Compensation benefits for his injuries, the plaintiffs' causes of action against the County sounding in negligence were properly dismissed as barred by the exclusivity provisions of the Workers' Compensation Law (*see,* Workers' Compensation Law § 11; *Burlew v American Mut. Ins. Co.,* 63 NY2d 412; *Maas v Cornell Univ.,* 253 AD2d 1, *affd* 94 NY2d 87). Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.