■ Victor Dugue, Appellant, v 1818 Newkirk Management Corp. et al., Respondents, et al., Defendants. [756 NYS2d 51] —In a consolidated action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 18, 2002, as granted those branches of the motion of the defendants 1818 Newkirk Management Corp., Advanced Management Services, Ltd., and Robert J. Alper, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that in the middle of the night, he was seated on a toilet seat, blacked out, and burned his face against the uninsulated steam riser, located in the corner of his bathroom. The plaintiff commenced these two negligence actions, which were later consolidated, against, among others,

the building cooperative corporation, 1818 Newkirk Management Corp., and its agents, the defendants Advanced Management Services, Ltd., and Robert J. Alper (hereinafter collectively the respondents).

It is axiomatic that "before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff * * * In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman,* 40 NY2d 781, 782; *see Petito v Verrazano Contr. Co.,* 283 AD2d 472, 474). Further, it is well settled that " 'liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property * * * Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (*Aversano v City of New York,* 265 AD2d 437, quoting *Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957).

It is undisputed that the defendant 1818 Newkirk Management Corp. did not own the plaintiff's apartment, a rent-stabilized unit, which remained under the ownership of the sponsor after the conversion of the building (*see Richards v Estate of Kaskel,* 169 AD2d 111, 118). Further, the facts do not support the plaintiff's contention that the respondents assumed control or responsibility for insulating the steam riser in the plaintiff's apartment. Accordingly, in the absence of a duty owed by 1818 Newkirk Management Corp. to the plaintiff, summary judgment was properly granted dismissing the complaint insofar as asserted against the respondents. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.