■ BRIAN GOVER et al., Appellants, v MASTIC BEACH PROPERTY OWNERS ASSOCIATION et al., Respondents. [869 NYS2d 593]—

Brian E. Gover (hereinafter the injured plaintiff), a Suffolk County Police Officer, allegedly was injured when dock number 31 located at Pattersquash Creek, in Mastic Beach, collapsed while he was standing on it during the investigation of a boat fire.

As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (see Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]; Golds v Del Aguila, 259 AD2d 942 [1999]; Allen v Pearson Publ. Empire, 256 AD2d 528 [1998]). Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition (see Dugue v 1818 Newkirk Mgt. Corp., 301 AD2d 561, 562 [2003]; Aversano v City of New York, 265 AD2d 437 [1999]). Liability can be imposed upon a landowner or a lessee who creates a defective condition on the property, or had actual or constructive notice of the allegedly defective condition (see Warren v Wilmorite, Inc., 211 AD2d 904, 905 [1995]).

Here, in support of their separate motions for summary judgment, the defendants Steven Longo and Lori Bray submitted their deposition testimony that they did not use dock number

31 in 2003, and also submitted their respective leases which expired approximately one month before the injured plaintiff's accident. Thus, Longo and Bray sufficiently demonstrated that they did not own, control, or have possession of the subject dock at the time of the injured plaintiff's accident. The defendants further established that they had no actual or constructive notice of any dangerous condition or defect. They submitted evidentiary proof that nonparty James Bray, while having made repairs to the dock in early 2003, inspected it in August 2003, found no problems, and never received any complaints about the dock's condition. In opposition, the plaintiffs failed to raise a triable issue of fact.

While the plaintiffs, in opposition, submitted an expert affidavit from Captain Hugh Stephens, it failed to raise a triable issue of fact with respect to the dock's condition, since the expert's opinion was based on speculation. There was no evidence that the expert inspected the dock (*see Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 342 [2003]), and his opinion was based solely on the review of unauthenticated photographs of the collapsed dock (*see Hlenski v City of New York*, 51 AD3d 974, 975 [2008] [expert opinion failed to raise an issue of fact where the expert relied upon unauthenticated photographs]; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003] [expert opinion based upon unauthenticated photographs was found insufficient to raise a triable issue of fact]; *Avella v Jack LaLanne Fitness Ctrs.*, 272 AD2d 423, 424 [2000] ["affidavit of the plaintiff's expert is of no probative value inasmuch as his opinion was based upon unauthenticated photographs"]).

Moreover, the Supreme Court properly concluded that the plaintiffs failed to establish a claim under General Municipal Law § 205-e. "A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (*Link v City of New York*, 34 AD3d 757, 758 [2006], quoting *Quinto v New York City Tr. Auth.*, 7 AD3d 689, 689-690 [2004]; *Williams v City of New York*, 304 AD2d 562, 563 [2003], *affd* 2 NY3d 352 [2004]). In this case, the plaintiff relied upon Brookhaven Town Code § 81-10, which sets forth the standards for constructing residential docks and which was enacted after dock number 31 had been erected. Thus, the plaintiffs failed to identify a specific safety standard that was violated by the defendants.

The plaintiffs' remaining contention is without merit. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.