679 S.E.2d 594

**Tammy CONLEY, Administratrix of the Estate of John Cody Conley, A Deceased Minor, Plaintiff Below, Appellant**

v.

**Jerry STOLLINGS, Joseph Richards, Steven R. Richards and Cynthia L. Richards, Cabot Oil & Gas Corporation, and West Virginia Department of Transportation, Division of Highways, Defendants Below Appellees.**

No. 33913.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 2009.

Decided March 31, 2009.

---

John Einreinhofer, Esq., Law Offices of John Einreinhofer, Charleston, WV, Attorney for Tammy Conley.

Johnnie E. Brown, Esq., James A. Muldoon, Esq., Pullin, Fowler, Flanagan, Brown

& Poe, PLLC, Charleston, WV, Attorneys for Cabot Oil & Gas Corporation.

Teresa D. Daniel, Esq., Law Offices of W. Stephen Flesher, Beckley, WV, Attorney for Stephen R. Richards.

PER CURIAM.[1]

This case is before this Court upon appeal of three final orders of the Circuit Court of Kanawha County entered on September 18, 2007. The orders granted summary judgment to the appellees and defendants below, Cabot Oil and Gas Corporation, Joseph Richards,[2] and Steven and Cynthia Richards,[3] in this wrongful death action filed by the appellant and plaintiff below, Tammy Conley, Administratrix of the Estate of John Cody Conley. In this appeal, Ms. Conley contends that genuine issues of material fact exist, and therefore, summary judgment was improper. She also contends that summary judgment was prematurely granted because discovery had not been completed.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final orders of the circuit court are affirmed.

## I.

### FACTS

On April 3, 2005, thirteen-year-old John Cody Conley[4] died after he ran his all-terrain vehicle (ATV) into an unmarked cable stretched across an abandoned State road in Logan County, West Virginia. According to the West Virginia Department of Transportation, Division of Highways (hereinafter "DOH"), the road was abandoned by the

State in 1995, and ownership of the same vested in the adjacent land owners. At the time of the accident, the adjacent property was owned by Jerry Stollings. Mr. Stollings had purchased the property from Steven and Cynthia Richards, on February 17, 2005. Steven and Cynthia Richards had previously acquired the property in 1999 from Joseph Richards, the father of Steven Richards.

The subject road was used by the Cabot Oil & Gas Corporation (hereinafter "Cabot") to access a cathodic protection station connected to one of its pipelines which is located beyond the tract of land that was owned by Mr. Stollings.[5] The cable had been installed and placed across the road by Joseph Richards and Steven Richards in an attempt to keep vehicles away from their land. The cable was strung between two metal posts and was secured by a lock.[6] Cabot had a key to the lock so that it could remove the cable to gain access to its station and equipment. While it was alleged that the cable had been marked at one time by yellow plastic cases and flags, it is undisputed that at the time of the accident the cable was unmarked.

On January 27, 2006, Ms. Conley, Administratrix of the Estate of John Cody Conley, filed this wrongful death action against Cabot, Joseph Richards, Steven Richards, Cynthia Richards, Jerry Stollings, and the DOH. Following some discovery, the DOH filed a motion to dismiss, and the remaining defendants filed motions for summary judgment. A hearing was held by the circuit court on April 20, 2007, and the parties presented their arguments with regard to the motions. At the time of the hearing, numerous depositions were on the record and several others were scheduled as the discovery period had

1. Pursuant to administrative order entered March 23, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was recalled for temporary assignment to the Supreme Court of Appeals of West Virginia under the provisions of Article VIII, section 8 of the Constitution of West Virginia.

2. The record indicates that Joseph Richards was represented by counsel below. However, he did not file a brief or otherwise participate in this appeal.

3. Steven and Cynthia Richards are husband and wife. However, the appellant, Tammy Conley, is

not appealing the granting of summary judgment to Cynthia Richards, and thus, she is not a party to this appeal.

4. John Cody Conley was born on April 24, 1991.

5. Sometime after the accident occurred, Mr. Stollings sold the subject property to Stanley Perry.

6. The record indicates that the posts were installed by a water company for another purpose.

not yet ended pursuant to the scheduling order. At the end of the April 20, 2007, hearing, the circuit court stayed further discovery upon an oral motion by Cabot and asked the parties to submit proposed orders with regard to the motions. No further action was taken in this case until the pre-trial conference on September 14, 2007, at which time the court granted the summary judgment motions of Cabot, Joseph Richards, Steven Richards, and Cynthia Richards. The final orders were entered on September 18, 2007.[7] The motion for summary judgment filed by Jerry Stollings was denied by the circuit court at the pre-trial conference on September 14, 2007, but no written order was ever entered. Ms. Conley now appeals the summary judgment orders entered on September 18, 2007.

## II.

## STANDARD OF REVIEW

Our review of a circuit court's entry of summary judgment is *de novo.* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Accordingly, this Court has held that, "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). With this standard in mind, we now consider the issues presented in this case.

## III.

## DISCUSSION

The circuit court granted the appellees' motions for summary judgment because it determined that they did not owe a legal duty to John Cody Conley. It is well-established that "[i]n the matters of negligence, liability attaches to a wrongdoer ... because of a breach of duty which results in an injury to others." Syllabus Point 2, in part, *Sewell v. Gregory,* 179 W.Va. 585, 371 S.E.2d 82 (1988). This Court has held that "[i]n order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syllabus Point 1, *Parsley v. General Motors Acceptance Corp.,* 167 W.Va. 866, 280 S.E.2d 703 (1981). This Court has further held that

[t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.

Syllabus Point 5, *Aikens v. Debow,* 208 W.Va. 486, 541 S.E.2d 576 (2000). The circuit court determined that Cabot and the Richardses did not owe a duty to John Cody Conley because they did not own or have any control over the property where the accident occurred. Upon review of the record, we find no error.

"[I]n cases dealing with premises liability we have generally adhered to the principle that liability results either from control of the subject area or from a specific wrongful act." *Durm v. Heck's Inc.,* 184 W.Va. 562, 565, 401 S.E.2d 908, 910 (1991). In other words, "liability should be assessed against the party having control of the premises." *Id.* at 565, 401 S.E.2d at 910. "[A] defendant [generally] cannot be held liable for a defective or dangerous condition of property which it does not own, possess or control[.]" *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 710, 421 S.E.2d 247, 251 (1992), *quoting Southland Corp. v. Superior Court,* 203 Cal.App.3d 656, 664, 250 Cal.Rptr. 57, 61 (1988). *Accord Gover v. Mastic Beach Property Owners Association,* 57 A.D.3d 729, 869 N.Y.S.2d 593 (2008); *Contreras v.*

---

7. The circuit court also granted the DOH's motion to dismiss. Ms. Conley did not appeal that decision, and the DOH is not a party in this appeal.

*Anderson,* 59 Cal.App.4th 188, 69 Cal.Rptr.2d 69 (1997); 62 Am.Jur.2d. *Premises Liability* § 4 (2005). In this appeal, Ms. Conley contends that genuine issues of material fact exist concerning whether the appellees owned, possessed, or controlled the subject property at the time of the accident. We disagree.

Upon review of the record, we find that Cabot presented undisputed evidence that established that it did not have a possessory interest in the cable, the land adjoining the cable, or the land where the cable was located. The evidence also showed that Cabot did not maintain or ever repair the cable or the land. While Cabot did have a key to the lock on the cable, the evidence in the record shows that Cabot's use of the cable was nonexclusive and subject to approval by the property owner. In that regard, Tom Liberatore, Vice President and Regional Manager of Cabot, testified that Joseph Richards gave a Cabot employee a key to the lock on the cable when Cabot purchased the pipeline from DOW Chemical Company in 2003. Contrary to Ms. Conley's assertion, we do not believe that possession of a key to a lock on the cable is sufficient evidence to impose a duty on the part of Cabot to John Cody Conley. Cabot merely had permission to use the road on which the cable was placed across and to that end, was provided a key for access purposes only. As set forth above, it is clear that Cabot never installed, maintained, or repaired the cable or had any ownership interest in the property.

■ With respect to the Richardses, there was also uncontroverted evidence presented establishing that they did not own, possess, or control the subject property at the time of the accident. In particular, deeds were submitted showing that Joseph Richards acquired the subject property in 1998 and then transferred his ownership interest to Steven and Cynthia Richards by deed dated Decem-

ber 21, 1999. Steven and Cynthia Richards then deeded the property on which the accident occurred to Jerry Stollings on February 17, 2005, almost two months before the accident occurred. In summary, there was undisputed evidence establishing that neither Cabot nor the Richardses owned or controlled the subject property at the time of the accident. Thus, we find no merit to Ms. Conley's argument.[8]

■ Ms. Conley also asserts the circuit court's grant of summary judgment was premature, particularly with regard to Cabot, because discovery was not completed. She notes that this Court has stated that,

> Summary judgment is appropriate only after the non-moving party has enjoyed "adequate time for discovery." *Celotex Corp. [v. Catrett],* 477 U.S. [317] at 322, 106 S.Ct. [2548] at 2552 [91 L.Ed.2d 265 (1986) ]; *Anderson [v. Liberty Lobby Inc.],* 477 U.S. [242] at 250 n. 5, 106 S.Ct. [2505] at 2511 n. 5 [91 L.Ed.2d 202 (1986) ]. As this Court has recognized, summary judgment prior to the completion of discovery is "precipitous." *Williams [v. Precision Coil, Inc.],* 194 W.Va. [52] at 61, 459 S.E.2d [329] at 338 [ (1995) ], quoting *Board of Educ. of the County of Ohio v. Van Buren and Firestone, Arch., Inc.,* 165 W.Va. 140, 144, 267 S.E.2d 440, 443 (1980).

*Payne's Hardware & Bldg. Supply, Inc. v. Apple Valley Trading Co. of W. Va.,* 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997). Ms. Conley points out that several depositions of Cabot's agents had been noticed, but they were never taken because of the stay on discovery imposed by the circuit court at the hearing on April 20, 2007. Ms. Conley contends that the depositions would have provided her with information concerning Cabot's access to and control of the road. She further maintains that depositions of Cabot employees would have shown that Cabot owned the mineral rights to the subject property

**8.** We note that in *Stone v. United Engineering, A Division of Wean, Inc.,* 197 W.Va. 347, 359–60, 475 S.E.2d 439, 451–52 (1996), this Court recognized that some jurisdictions have adopted Restatement (Second) of Torts § 352 and held that when property is transferred in a condition which poses an unreasonable risk of harm to others, the vendor of the property remains sub-

ject, at least for a reasonable time, to any liability he or she would have incurred had he or she remained in possession of the property for injuries caused by such a condition. We explained in *Stone* that § 352 has not been adopted in this jurisdiction. 197 W.Va. at 360, 475 S.E.2d at 452. It does not appear that Ms. Conley raised this issue below with regard to the Richardses.

and, thus, had an ownership interest sufficient to impose upon it a duty to John Cody Conley. Again, we disagree.

Having carefully reviewed the record, we are unable to find any factual support for Ms. Conley's assertions. The mere contention that issues are disputable is not sufficient to preclude summary judgment. Although discovery had not been completed in this case, and Ms. Conley did file an affidavit advising the circuit court that additional discovery was needed,[9] it is clear that she would be unable to establish the existence of a genuine issue of material fact with regard to whether or not Cabot had any ownership, possessory, or controlling interest in the subject property. The evidence submitted by Cabot in support of its motion for summary judgment included deposition testimony and affidavits of Mr. Liberatore. He testified that,

> I have had the opportunity to review the mineral rights and leasehold agreements of Cabot Oil & Gas Corporation and have verified that Cabot Oil & Gas Corporation does not own, possess a leasehold interest, or possess the mineral rights to the property which is the situs of the accident giving rise to this litigation.
>
> . . . .
>
> In addition, Cabot Oil & Gas Corporation did not own or control the cable gate or lock.

The record shows that the parties had already conducted discovery for several months before the appellees filed their motions for summary judgment. If Cabot owned the mineral rights to the subject property as Ms. Conley contends, then she should have been able to submit documentation to

that effect as it would be a matter of public record. She failed to do so.[10] Therefore, even if Ms. Conley was given additional time for discovery, she would not be able to produce any evidence to support her assertions with regard to Cabot.

Likewise, Ms. Conley would have been unable to produce any evidence to show that the Richardses had an ownership or controlling interest in the subject property. As set forth above, Joseph Richards's motion for summary judgment was supported by the December 21, 1999, deed transferring his interest in the subject property to Steven and Cynthia Richards. Steven Richards's motion for summary judgment was supported by the February 17, 2005, deed transferring his interest in the property to Joseph Stollings. Therefore, we find no merit to Ms. Conley's argument that summary judgment was premature.[11]

Based upon all the above, we find that the circuit court did not err in granting summary judgment in favor of Cabot and the Richardses. This Court has explained that,

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syllabus Point 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). In this instance, Ms. Conley was unable to produce any evidence to show that the appellees owed a duty to John Cody Conley.

---

9. Rule 56(f) of the West Virginia Rules of Civil Procedure provides that,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

10. Mr. Liberatore stated in his affidavit that: "Upon information and belief, the mineral rights to the subject property are owned by Norma Jean

Lambert and Patricia Cooke of Kistler, West Virginia."

11. We also find no merit to Ms. Conley's assertion that she has been handicapped by being unable to cite the circuit court's rationale in denying defendant Jerry Stollings's motion for summary judgment because no written order has been entered to date. Unlike the appellees, Mr. Stollings actually owned the subject property at the time of the accident. We simply do not to see how the circuit court's decision denying Mr. Stollings's motion for summary judgment would have supported Ms. Conley's arguments in this appeal.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final orders of the Circuit Court of Kanawha County entered on September 18, 2007, are affirmed.

Affirmed.

Senior Status Justice McHUGH sitting by temporary assignment.