■ CHRISTOPHER KYDD, Respondent, v DAARTA REALTY CORP. et al., Appellants, et al., Defendants. [877 NYS2d 352]—

In an action to recover damages for personal injuries, the defendants Daarta Realty Corp. and Abraham Lasker appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated July 10, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Abraham Lasker, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Daarta Realty Corp. (hereinafter Daarta). In support of its claim that it was entitled to summary judgment because the infant plaintiff had suffered no cognitive, behavioral, or physical injuries as a result of his exposure to lead, Daarta relied upon the expert affidavit of a neuropsychologist who concluded that the child was suffering from a pervasive developmental disorder consistent with autism unrelated to his exposure to lead. Although the neuropsychologist's affidavit indicated that he had reviewed records relating to the infant plaintiff's medical history in forming his opinion, he failed to identify any of these records. Thus, there was no evidentiary foundation for his conclusion that the infant plaintiff's "pervasive developmental delay (autism) developed long prior to his history of elevated lead levels." The neuropsychologist also failed to discuss the levels of lead in the infant plaintiff's blood, or to explain why the levels of lead the child was exposed to could not have caused and/or exacerbated his alleged delay and cognitive deficits. Furthermore, the neuropsychologist's affidavit did not indicate the training and experience he had in diagnosing lead-poisoning injuries in children. Under these circumstances, the neuropsychologist's conclusory opinion that the infant plaintiff's developmental disorder was not in any way related to his history of elevated blood lead levels was insufficient to make a prima facie showing of Daarta's entitlement to judgment as a matter of law (*see Baez v Sugrue*, 300 AD2d 519, 520-521 [2002]; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 184 [2002]; *Walton v Albany Community Dev. Agency*, 279 AD2d 93 [2001]; *see also Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]).

However, the court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Abraham Lasker. As a general rule, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729 [2008]; *Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561 [2003]). Where none of these factors are present, a party cannot be held liable for injuries caused by a dangerous or a defective condition (*see Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729 [2008]; *Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561 [2003]). Lasker made a prima facie showing of his entitlement to judgment as a matter of law by submitting his deposition testimony establishing that he did not become managing agent of the

subject apartment building until March 2001, after the infant plaintiff was exposed to lead-based paint. In opposition, the plaintiffs failed to submit any evidence to raise a triable issue of fact as to whether Lasker exercised any control over the premises at the time the infant plaintiff was exposed to lead. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.