■ JOHN CERRATO, Respondent, v RAPISTAN DEMAG CORP. et al., Respondents, CONVEYOR SERVICES & INSTALLATIONS CO., Appellant-Respondent, and CONVEYOR STORE et al., Respondents-Appellants, et al., Defendant. [921 NYS2d 648]—

In an action to recover damages for personal injuries, the defendant Conveyor Services & Installations Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 2, 2010, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the defendant Conveyor Store cross-appeals, as limited by its brief, from so much of the same order as denied its separate

cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted that branch of the motion of the defendants Rapistan Demag Corp., Rapistan Demag Limited, and Mannesmann Dematic Rapistan Corp., which was for summary judgment dismissing its cross claims insofar as asserted against those defendants, and the defendants Herman Merinoff, Drucker-Merinoff Trust, and Drucker Trust separately cross-appeal, as limited by their brief, from so much of the same order as denied their separate cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the respective cross motions of the defendants Herman Merinoff, Drucker-Merinoff Trust, and Drucker Trust, and the defendant Conveyor Services & Installations Co., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the cross motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Herman Merinoff, Drucker-Merinoff Trust, and Drucker Trust and the defendant Conveyor Services & Installations Co., appearing separately and filing separate briefs, payable by the plaintiff, one bill of costs to the plaintiff, payable by the defendant Conveyor Store, and one bill of costs to the defendants Rapistan Demag Corp., Rapistan Demag Limited, and Mannesmann Dematic Rapistan Corp., payable by the defendant Conveyor Store.

The plaintiff, while working in a bottle-distribution plant, allegedly was injured when he fell from the edge of a platform located in a second-level conveyor system area. The platform was unguarded and created an opening to the lower level. The plaintiff commenced this action against, among others, the defendants Herman Merinoff, Drucker-Merinoff Trust, and Drucker Trust (hereinafter collectively the Trust defendants), alleging that they owned the premises where the accident occurred, and against Convey or Store, Inc., sued herein as the Conveyor Store (hereinafter the store), and Conveyor Services & Installations Co. (hereinafter Conveyor Services), alleging that they designed, fabricated, installed, and retrofitted the subject conveyor system, including the unguarded platform from which he fell. In addition, the plaintiff asserted causes of action against Rapistan Demag Corp., Rapistan Demag Limited, and Mannesmann Dematic Rapistan Corp. (hereinafter collectively the Rapistan defendants), which manufactured parts and components of the conveyor system. The plaintiff alleged, inter

alia, that the platform was defective because it created a fall hazard.

"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of that property" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]; *see Morrison v Gerlitzky*, 282 AD2d 725 [2001]; *Millman v Citibank*, 216 AD2d 278 [1995]). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 730; *see Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561, 562 [2003]; *Aversano v City of New York*, 265 AD2d 437 [1999]). Here, the Trust defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not own, occupy, control, or have special use of the premises where the accident occurred (*see Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 757 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have granted the Trust defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Further, Conveyor Services established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not design, fabricate, install, or retrofit the subject platform from which the plaintiff fell. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the cross motion of Conveyor Services for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

However, the Supreme Court properly denied the store's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as the store failed to establish its prima facie entitlement to such relief (*id.*). The store's failure to make a prima facie showing required denial of its motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, contrary to the store's contention, the Supreme Court properly granted that branch of the motion of the Rapistan defendants which was for summary judgment dismissing the cross claims that it asserted against them. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.