■ ARON KRAUT, Respondent, v CITY OF NEW YORK, Defendant, and HARTFORD INSURANCE COMPANY, Appellant. [925 NYS2d 624]—

In an action, inter alia, to recover damages for negligence, false arrest, and battery, the defendant Hartford Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated January 14, 2011, as denied that branch of its motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging that it negligently caused the plaintiff to be falsely arrested.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Hartford Insurance Company which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging that it negligently caused the plaintiff to be falsely arrested is granted.

The plaintiff alleged that he was wrongfully arrested by New York City police officers based on their erroneous assertion that he was operating his motor vehicle without insurance or a driver's license. He further alleged that he was assaulted and falsely imprisoned by the police. With regard to his own automobile insurance carrier, Sentinel Insurance Company, Ltd., which was named in the summons and complaint as Hartford Insurance Company (hereinafter the defendant), the plaintiff alleged that the defendant negligently "failed to provide proper documentation that [the] plaintiff's vehicle was duly insured."

The defendant moved pursuant to CPLR 3211 (a) (7) to

dismiss the complaint insofar as asserted against it for failure to state a cause of action, contending in part that the factual allegations of the complaint, and the plaintiff's own testimony at a General Municipal Law § 50-h hearing, negated the element of proximate cause which was essential to the negligence claim against it. In the order appealed from, the Supreme Court granted the motion in part and denied it in part. We reverse the order insofar as appealed from.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the motion court must accept the facts alleged in the complaint as true, afford them every reasonable inference favorable to the plaintiff, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Holster v Cohen*, 80 AD3d 565, 566 [2011]). Moreover, if the motion court considers evidentiary material submitted in support of the motion, the inquiry becomes whether the plaintiff has a cause of action, not merely whether he has stated one (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010]). On those relatively rare occasions that the submissions on the motion prove that a material fact alleged by the plaintiff is not a fact at all and that no significant dispute exists regarding it, dismissal of the complaint is warranted (*see generally Simpson v Alter*, 78 AD3d 813, 815 [2010]; *Dana v Shopping Time Corp.*, 76 AD3d 992, 994 [2010]).

To state a cause of action in negligence, a party must allege the existence of a duty of care owed to the injured party, a breach of that duty, and an injury proximately caused by that breach (*see Jiminez v Shahid*, 83 AD3d 900 [2011]; *Ruiz v Griffin*, 71 AD3d 1112, 1114 [2010]; *Prescott v Newsday, Inc.*, 150 AD2d 541, 542 [1989]). Here, the allegations of the complaint itself negated the essential element of proximate cause with regard to the defendant, since the pleading alleged that the plaintiff's arrest was predicated upon the lack of a driver's license in addition to a lack of insurance, and the plaintiff's own General Municipal Law § 50-h hearing testimony established probable cause for his arrest based solely on his lack of a driver's license. Accordingly, there was an independent ground for the plaintiff's arrest, completely unrelated to any purported negligence on the part of the defendant, and any alleged act or omission of the defendant did not proximately cause the plaintiff's injuries (*see generally Jaegly v Couch*, 439 F3d 149, 153-154 [2006]).

Furthermore, the plaintiff's hearing testimony demonstrated

that the sole basis for his arrest was his lack of a valid driver's license, and that no inquiry was made and no problem was discovered with regard to his insurance documentation at the time of his arrest. This testimony, which constituted a judicial party admission (*see Ocampo v Pagan*, 68 AD3d 1077, 1078-1079 [2009]; *Reno v County of Westchester*, 289 AD2d 216, 217 [2001]), conclusively refuted the allegation in the complaint that the arrest was premised upon a lack of insurance. Although the plaintiff contends that his hearing testimony should not have been considered because there is no evidence that a transcript of the testimony was received and signed by him, the plaintiff adopted the contents of the transcript by appending it to his sworn bill of particulars and serving it upon the defendants during discovery. Moreover, the affidavit submitted by the plaintiff in opposition to the defendant's motion failed to warrant the denial of the motion.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.