■ Neftali Irizarry, Respondent, v Lisa Heller, Appellant. [943 NYS2d 606]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 22, 2011, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges that on October 19, 2006, he was injured when he fell through an unguarded hole while performing demolition construction work at premises owned by the defendant in Brooklyn. The plaintiff commenced the instant action against the defendant, interposing a single cause of action based on common-law negligence in a complaint verified by his attorney. In the complaint, the address of the premises at which the accident allegedly occurred was identified as "398 Clermont Avenue, Brooklyn, New York" (hereinafter the Clermont Premises). Thereafter, the plaintiff served a bill of particulars setting forth that the accident occurred at the premises known as "398 Vermont Avenue, Brooklyn, New York" (hereinafter the Vermont Premises). During his deposition, the plaintiff at first could not recall the address of the premises where he was injured, but, upon further questioning, testified that his accident occurred at the Vermont Premises. At her deposition, the defendant testified, inter alia, that she owned the Clermont Premises, but did not own the Vermont Premises. She further testified that she had never been to or known of the Vermont Premises.

After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff was not injured at premises owned by the defendant or, in the alternative, that she had no notice of, nor did she create, the defective condition which caused the plaintiff's injury. The plaintiff opposed the motion contending, among other things, that a triable issue of fact existed as to the location of the plaintiff's accident, and that the defendant failed to meet her prima facie burden with regard to notice or the creation of the dangerous condition which caused the plaintiff's injury. The Supreme Court denied the defendant's motion, finding that triable issues of fact existed. The defendant appeals. We reverse.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a

proximate cause of injury to the plaintiff . . . [L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005] [internal quotation marks and citations omitted]; *see Cerrato v Rapistan Demag Corp.*, 84 AD3d 714, 716 [2011]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]).

The defendant established, prima facie, her entitlement to judgment as a matter of law by submitting evidence demonstrating that the accident complained of did not occur at premises which she owned, occupied, controlled, or of which she made special use (*see Cerrato v Rapistan Demag Corp.*, 84 AD3d 714 [2011]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d at 846; *Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d at 566), and that, therefore, she owed no duty to the plaintiff.

In opposition, the plaintiff failed to raise a triable issue of fact. The only document wherein it was contended that the subject accident took place at the Clermont Premises rather than the Vermont Premises was the complaint. The complaint was verified by counsel. A "bare allegation" contained in an attorney verified complaint is "patently insufficient" to raise a triable issue of fact (*Maresca v Berson*, 84 AD2d 760, 761 [1981]; cf. *Citibank v Joffe*, 265 AD2d 291 [1999]). The attorney had no personal knowledge of the facts.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.