*601 In an action to recover damages for personal injuries, the defendant Eileen Icolari appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 8, 2012, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Eileen Icolari for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
The plaintiff allegedly tripped and fell on a raised sidewalk flag while walking on St. Marks Place in Staten Island. The plaintiff commenced this action against Eileen Icolari, who owned the property located at 1-5 St. Marks Place, and the City of New York, to recover damages for his personal injuries allegedly caused by their negligence. In his complaint and bill of particulars, the plaintiff identified the location of the alleged defect as being in front of 1-5 St. Marks Place, situated approximately 50 to 75 feet east of the northeast corner of the intersection with Westervelt Avenue. With respect to Icolari, the plaintiff alleged that she owned, operated, and maintained the subject portion of the sidewalk.
After the completion of discovery, Icolari moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, asserting that the area where the accident occurred did not abut her property. The Supreme Court denied the motion, finding that triable issues of fact existed as to the ownership and control of the raised sidewalk flag.
The elements of a cause of action alleging negligence are the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach proximately caused the injury (see Turcotte v Fell, 68 NY2d 432, 437 [1986]; Kraut v City of New York, 85 AD3d 979, 980 [2011]; Ruiz v Griffin, 71 AD3d 1112, 1114 [2010]; Ingrassia v Lividikos, 54 AD3d 721, 724 [2008]). “ ‘[L]lability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property’ ” (Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565, 566 [2005], quoting Warren v Wilmorite, Inc., 211 AD2d 904, 905 [1995]; see Irizarry v Heller, 95 AD3d 951, 953 [2012]; Quick v G.G.’s Pizza & Pasta, Inc., 53 AD3d 535, 536 [2008]). Where none of these factors is present, “a party cannot be held liable for injuries caused by the allegedly defective condition” (Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730 [2008]; see Cerrato v Rapistan Demag Corp., 84 AD3d 714, 716 [2011]; Sanchez v 1710 Broadway, Inc., *602 79 AD3d 845, 846 [2010]; Kydd v Daarta Realty Corp., 60 AD3d 997, 998 [2009]; Dugue v 1818 Newkirk Mgt. Corp., 301 AD2d 561, 562 [2003]; Aversano v City of New York, 265 AD2d 437 [1999]).
Icolari established, prima facie, her entitlement to judgment as a matter of law by submitting evidence, including a survey of her property and photographs showing that the alleged defect was located in front of Icolari’s neighbor’s property, and excerpts from the plaintiffs deposition testimony confirming the location of the alleged defect at a point beyond Icolari’s property line, thereby demonstrating that Icolari did not own, occupy, control, or put to a special use the sidewalk where the defect which allegedly caused the plaintiff to fall was located (see Irizarry v Heller, 95 AD3d at 953; James v Stark, 183 AD2d 873, 873 [1992]). Therefore, Icolari established that she did not owe a duty to the plaintiff with respect to the subject defect (see Irizarry v Heller, 95 AD3d at 953).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiffs contention, evidence that Icolari repaired the alleged defect located on the sidewalk abutting her neighbor’s property subsequent to the happening of the accident did not create a question of fact as to ownership and control of the area where the alleged defect was located.
In light of our determination, Icolari’s remaining contentions need not be considered.
Accordingly, the Supreme Court improperly denied Icolari’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.