GINA RUGGIERO, Respondent, v CITY SCHOOL DISTRICT OF NEW ROCHELLE, Appellant, et al., Defendant. [972 NYS2d 606]—

In an action to recover damages for personal injuries, the defendant City School District of New Rochelle appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated February 3, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant City School District of New Rochelle for summary judgment dismissing the complaint insofar as asserted against it is granted.

On March 19, 2010, the plaintiff allegedly tripped and fell on a pothole located on a public road adjacent to the grounds of the William B. Ward Elementary School, which is owned and operated by the defendant City School District of New Rochelle (hereinafter the School District), as she walked towards the school to pick up her children. The plaintiff commenced this action against the School District and the defendant City of New Rochelle to recover damages for her personal injuries.

The School District and the City moved separately for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the City's motion, finding that the City did not have prior written notice of the subject pothole, but denied the School District's motion on the basis that the School District failed to establish as a matter of law that it did not maintain or use the accident location. The School District appeals from so much of the order as denied its motion.

To sustain a cause of action alleging negligence, the defendant must owe a duty of care to the plaintiff, which is then breached, proximately causing the plaintiff's injury (*see Turcotte v Fell*, 68 NY2d 432, 437 [1986]; *Mitchell v Icolari*, 108 AD3d 600, 601 [2013]; *Kraut v City of New York*, 85 AD3d 979, 980 [2011]). " '[L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or

special use of property' " (*Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005], quoting *Warren v Wilmorite, Inc.*, 211 AD2d 904, 905 [1995]). Without evidence of ownership, occupancy, control, or special use of the property upon which the defect is situated, a defendant cannot be held liable for any injuries caused by the defect (*see Mitchell v Icolari*, 108 AD3d at 601; *Cerrato v Rapistan Demag Corp.*, 84 AD3d 714, 716 [2011]; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]).

Here, the School District established, prima facie, its entitlement to judgment as a matter of law through evidence that the site of the plaintiff's accident was outside the School District's property line. It submitted, inter alia, a survey of its property depicting the property lines, the plaintiff's deposition testimony identifying where the pothole was located in the road, a photograph marked by the plaintiff as depicting the area in the road where the defect which caused her to fall was located, and the deposition testimony of its own director of facilities that the School District did not maintain the City's roadways. As a result, the School District demonstrated that it did not own, occupy, control, or put to a special use the road where the alleged defect was situated (*see Mitchell v Icolari*, 108 AD3d at 601; *Irizarry v Heller*, 95 AD3d 951, 953 [2012]; *James v Stark*, 183 AD2d 873, 873 [1992]). Consequently, the School District established that it did not owe a duty to the plaintiff with respect to the subject defect (*see Mitchell v Icolari*, 108 AD3d at 601; *Irizarry v Heller*, 95 AD3d at 953).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, evidence of post-accident repairs by the School District of the subject defect did not raise a triable issue of fact as to whether the School District controlled the accident site (*see Mitchell v Icolari*, 108 AD3d at 601).

Accordingly, the Supreme Court improperly denied the School District's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.