■ Mariya Chernoguz et al., Respondents, v Mirrer Yeshiva Central Institute et al., defendants, and Morris Morgenstern High School et al., Appellants. [994 NYS2d 362]—

In an action to recover damages for personal injuries, etc., the defendants Morris Morgenstern High School and Sara Persky Rabbinical College appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 18, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On March 1, 2011, the plaintiff Mariya Chernoguz (hereinafter the injured plaintiff) allegedly tripped and fell due to a defective and/or dangerous condition on the sidewalk adjacent to the premises located at 1795 Ocean Parkway in Brooklyn (hereinafter the subject property). The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, Morris Morgenstern High School and Sara Persky Rabbinical College (hereinafter together the school defendants), and Mirrer Yeshiva Central Institute (hereinafter Mirrer Yeshiva), alleging, inter alia, that the school defendants owned and controlled the subject property.

The school defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they did not own or control the subject property and, therefore, owed no duty to the injured plaintiff. The Supreme Court denied the motion, concluding that the school defendants failed to establish their prima facie entitlement to judgment as a matter of law.

"For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (*Suero-Sosa v Cardona*, 112 AD3d 706, 707 [2013]; *see Turcotte v Fell*, 68 NY2d 432, 437 [1986]; *Ruggiero v City Sch. Dist. of New Rochelle*, 109 AD3d 894 [2013]; *Mitchell v Icolari*, 108 AD3d 600 [2013]). "As a general rule, liability for a dangerous [or defective] condition on real property must be predicated upon ownership, occupancy, control, or special use of that property" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]; *see Suero-Sosa v Cardona*, 112 AD3d at 707; *Irizarry v Heller*, 95 AD3d 951, 953 [2012]). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 730; *see Ruggiero v City Sch. Dist. of New Rochelle*, 109 AD3d at 894; *Mitchell v Icolari*, 108 AD3d at 601).

Here, the affidavit of the executive director of Mirrer Yeshiva, submitted in support of the school defendants' motion, by itself, was insufficient to establish the school defendants' prima facie entitlement to judgment as a matter of law, since it failed to demonstrate the absence of any triable issues of fact regarding the ownership of the subject property (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the school defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the school defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.