■ Margaret Slavin, Appellant, v Village of Sleepy Hollow, Defendant, and A&L Properties, Inc., et al., Respondents. [54 NYS3d 107]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated March 2, 2015, as granted those branches of the separate motions of the defendants A&L Properties, Inc., and Antonio Cabinetry Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell on a raised portion of asphalt allegedly installed by the defendant Village of Sleepy Hollow, on property allegedly owned, occupied, maintained, or controlled by the defendant A&L Properties, Inc. (hereinafter A&L), and the defendant Antonio Cabinetry Corp. (hereinafter Antonio Cabinetry, and

hereinafter together the defendants). Thereafter, the plaintiff commenced this action against the Village and the defendants. After discovery, the defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions.

"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]; *see Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). Here, liability against the defendants is predicated solely upon their ownership, occupancy, control, or special use of the subject property and, therefore, they cannot be held liable to the plaintiff where none of those predicates exist (*see Breland v Bayridge Air Rights, Inc.*, 65 AD3d 559 [2009]; *Ruffino v New York City Tr. Auth.*, 55 AD3d 819, 820 [2008]; *Noia v Maselli*, 45 AD3d 746 [2007]).

Contrary to the plaintiff's contention, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting evidence, including a surveyor's affidavit relating to the subject property, photographs, and transcripts of the deposition testimony of A&L's principal, the plaintiff, and the Village's general foreman in charge of the Village's Highway and Sanitation Departments, demonstrating that the defendants did not own, occupy, control, or put to special use the asphalt area where the accident occurred (*see Rakowski v St. Aidan's R.C. Church*, 135 AD3d 730 [2016]; *Mitchell v Icolari*, 108 AD3d 600 [2013]; *Irizarry v Heller*, 95 AD3d 951 [2012]; *Seaman v Three Vil. Garden Club, Inc.*, 67 AD3d 889 [2009]; *see also Zadarosni v F. & W. Restauranteurs of Southeast*, 192 AD2d 1051 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.

———

Motion by the appellant on an appeal from an order of the Supreme Court, Westchester County, dated March 2, 2015, to strike Point II and stated portions of Point III and Point IV of the brief of the respondent A&L Properties, Inc., on the ground that those portions of the brief improperly raise arguments for

the first time on appeal. By decision and order on motion of this Court dated January 29, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and Point II and those portions of Point III and Point IV of the brief of the respondent A&L Properties, Inc., which improperly raise arguments for the first time on appeal are stricken and have not been considered in the determination of this appeal.