Annabi v BJ's Wholesale Club, Inc. (2025 NY Slip Op 02751)

Annabi v BJ's Wholesale Club, Inc.

2025 NY Slip Op 02751

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-11461
2023-11462
 (Index No. 54514/21)

[*1]Isam M. Annabi, appellant, 
v
BJ's Wholesale Club, Inc., et al., defendants, Alpine Improvements, LLC, et al., respondents.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (Christopher J. Turpin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated October 17, 2023, and (2) a judgment of the same court dated October 25, 2023. The order, upon reargument, in effect, vacated so much of an order of the same court (Christie L. D'Alessio, J.) dated December 16, 2022, as denied the prior motion of the defendants Alpine Improvements, LLC, and DLC Management Corporation for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted the prior motion. The judgment, upon the order dated October 17, 2023, is in favor of the defendants Alpine Improvements, LLC, and DLC Management Corporation and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order dated October 17, 2023, is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, upon reargument, the determination in the order dated December 16, 2022, denying the motion of the defendants Alpine Improvements, LLC, and DLC Management Corporation for summary judgment dismissing the complaint insofar as asserted against them is adhered to, the complaint is reinstated insofar as asserted against those defendants, and the order dated October 17, 2023, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendants Alpine Improvements, LLC, and DLC Management Corporation (hereinafter together the defendants) to recover damages for personal injuries that he allegedly sustained in November 2018 when he slipped and fell on snow and ice on certain real property (hereinafter the property) purportedly owned and managed by the defendants. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that their interest in the property terminated [*2]when the property was sold at a public auction in October 2018. The plaintiff opposed the motion. In an order dated December 16, 2022, the Supreme Court, among other things, denied the defendants' motion. Thereafter, in an order dated October 17, 2023, the court, upon reargument, in effect, vacated so much of the order dated December 16, 2022, as denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted the motion. Subsequently, a judgment in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants was entered. The plaintiff appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Misa v Town of Brookhaven, 212 AD3d 804, 805-806; see Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "'The existence of one or more of these elements is sufficient to give rise to a duty of care'" (Tilford v Greenburgh Hous. Auth., 170 AD3d 1233, 1235, quoting Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). "Where none is present, generally a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820 [alteration and internal quotation marks omitted]; see Chernoguz v Mirrer Yeshiva Cent. Inst., 121 AD3d 737, 738).
Here, contrary to the determination of the Supreme Court, upon reargument, the defendants failed to make a prima facie showing that they were no longer in possession or control of the property at the time of the plaintiff's alleged slip and fall and, thus, failed to eliminate triable issues of fact as to whether the defendants owed a duty of care to the plaintiff (see Toner v Trader Joe's E., Inc., 209 AD3d 690, 692).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court